Eastern District of Kentucky
FILED
APR 1 3 2006
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-29-DLB

RAYMOND TAYLOR                                                                                   PLAINTIFF

VS:                       **MEMORANDUM OPINION AND ORDER**

UNITED STATES of AMERICA                                                               DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Raymond Taylor, an individual currently confined in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed another *pro se* complaint against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et. seq.*,[1] and motion to proceed *in forma pauperis*. The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). The motion will be denied and the complaint will be dismissed for the reasons explained below.

LITIGATION BACKGROUND

Between February of 2005 and February of 2006, Raymond Taylor filed a total of six (6) *pro se* civil actions in this Court, each complaint being accompanied with a motion to proceed *in forma pauperis*. The other five cases are *Taylor v. Federal Bureau of Prisons*, 05-CV-41-KKC; *Taylor v. United States*, 05-CV-396-DLB; *Taylor v. United States*, 05-CV-389-KKC; *Taylor v. United States*,

---

[1] The FTCA governs circumstances under which the U.S. government consents to tort actions, those being cases: "for money damages,...for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment...." 28 U.S.C. §1346(b). Although the plaintiff references the FTCA and uses the term "negligence," he complains of deliberate acts by federal personnel. Therefore, it is questionable that the plaintiff is stating an FTCA claim. However, it is not necessary to inquire further, since the complaint will be dismissed prior to any assessment of the merits of this plaintiff's claims herein.

06-CV-016-KKC; and *Taylor v. United States*, 060-032-KKC.[2]

The docket of the Court reveals that half of this plaintiff's causes of action have already been dismissed, *sua sponte*, upon screening:

> *Taylor v. Federal Bureau of Prisons*, 05-CV-41-KKC, filed February 14, 2005, was dismissed on April 26, 2005 [Record No. 4] for the plaintiff's failure to state a claim upon which relief may be granted under the United States Privacy Act, 5 U.S.C. §552a, *et seq.*
>
> *Taylor v. United States*, 05-CV-396-DLB, filed on December 12, 2005, was another case purportedly under the FTCA, the plaintiff challenging staff negligence in another disciplinary proceeding, which resulted in Taylor's suffering "mental anguish." It was dismissed under 42 U.S.C. §1997e(e). An appeal was later dismissed for the plaintiff's failure to pay the appellate fee or move for pauper status.
>
> *Taylor v. United States*, 06-CV-016-KKC, filed January 19, 2006, under the Freedom of Information Act ("FOIA"), was also summarily dismissed, the Memorandum Opinion and Order of March 30, 2006, stating that the dismissal was for the plaintiff's failure to state a claim. Record No. 4.

## CLAIMS

The plaintiff alleges that the Bureau of Prisons ("BOP") has been negligent in its duties and its staff have committed extortion, denied his right of access to courts, and falsely imprisoned him.

## FACTUAL ALLEGATIONS

In the current action, Plaintiff Taylor has submitted a lengthy handwritten complaint and has attached numerous exhibits, most being documents exchanged in his separate FTCA, Freedom of Information Act ("FOIA"), Privacy Act, and BOP administrative remedy filings.

The plaintiff complains of events occurring between March 16, 2005, when he was placed in the segregated housing unit ("SHU") apart from the general prison population pending an investigation, and September 29, 2005, when he was released from that unit.

---

[2] This action is also predicated on some of the same facts, claims, and documents as those set out herein.

Of particular importance during his placement in SHU are the plaintiff's two FTCA claims, Numbers 2005-02786 and 2005-03345, which were denied; and his several BOP grievances, although he did not complete the prison's administrative scheme. He claimed then and herein that the length of his SHU detention was longer than the 90-day limit for such stays, under BOP policy. It amounted to false imprisonment. Further, the stay was extended to retaliate for his filing the first FTCA claim, Number 2005-02786, and to extort a withdrawal of that claim.

As he did in both FTCA claims, the plaintiff has demanded damages; additionally, as he has done in *Taylor v. United States*, 06-CV-32-KKC, he asks for injunctive relief, *i.e.*, that the Court order that a June 28, 2005 "Threat Assessment" about him be removed from his BOP Central File.

## DISCUSSION

Because the plaintiff seeks to proceed without prepayment of fees, 28 U.S.C. §1915 governs this action. One provision in that statute imposes a limit to prisoner-plaintiff filings:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The foregoing list of cases demonstrates that, while incarcerated,[3] Raymond Taylor has filed at least three prior civil cases which were dismissed as frivolous or for failure to state a claim.

Accordingly, pursuant to 28 U.S.C. §1915(g), this plaintiff's right to proceed *in forma*

---

[3] The plaintiff claims to have been incarcerated for 18 years. The Court's database reveals 290 civil cases brought by someone named Raymond Taylor in other district courts. *It is not necessary to inquire into them further*, however, since the instant plaintiff has filed three cases which have been dismissed for failure to state a claim in this Court alone.

3

*pauperis* is suspended until and unless the prisoner "is under imminent danger of serious physical injury." In the present case, the plaintiff has not alleged any imminent danger to his health or life; nor would the facts described in his complaint permit such an assertion.

Accordingly, Plaintiff Taylor's complaint must be dismissed under 28 U.S.C. §1915(g). However, the dismissal will be without prejudice to the plaintiff's re-filing with payment of the district court filing fee, which is currently $350.00.

In light of the foregoing, **IT IS HEREBY ORDERED** as follows:

(1) The Clerk of the Court shall correct the docket to reflect that the instant cause of action is actually one brought under the Federal Tort Claims Act;

(2) Plaintiff's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**; and

(2) the instant action is **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the United States.

4-13-06

Signed By:
David L. Bunning
United States District Judge

4